**William D. LOVELL, Appellant,**

v.

**Walter N. TOBRINER et al., Individual Members of the Board of Commissioners of the District of Columbia, Appellees.**

**No. 16777.**

*United States Court of Appeals District of Columbia Circuit.*

Argued Oct. 1, 1962.

Decided Nov. 29, 1962.

---

Mr. Bernard Margolius, Washington, D. C., with whom Messrs. Carleton U. Edwards, II, and Ralph H. Deckelbaum, Washington, D. C., were on the brief, for appellant.

Mr. John R. Hess, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellees.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

Appellant, a District of Columbia fireman, was retired from service by the Police and Firemen's Retirement and Relief Board on the ground he was disabled from continuing service due to disability resulting from an injury incurred other than in the course of duty. D.C.Code § 4–526 (1961). The order of the Retirement Board was affirmed by the District of Columbia Commissioners. Appellant contends that he was entitled to be retired under D.C.Code § 4–527 (1961) because his disability resulted from injuries incurred in the performance of duty.[1] The District Court granted summary judgment in favor of appellees.

Appellant contended before the Board and the Commissioners that he first injured his back while on duty at a fire on March 3, 1948, and that subsequent aggravation of that service-connected injury led to his retirement disability. The memorandum opinion of the District Judge states that the reason the Board had not retired appellant under D.C.Code § 4–527 (1961), was that "the Board was not satisfied with the proof that the 1948 injury had actually been incurred, *especially as there was no record of it in the personnel files of the Fire Department.*" (Emphasis added.) Our examination of the record upon which the Retirement Board acted reveals that there was such a personnel record, although so cryptic in form as to have little meaning until explained, as appellant's counsel do in their brief in this court. Appellant's personnel file contained the following notation: "3–2–48 Lumbo-sacral strain, Box 9322." Both parties agree that the "Box 9322" entry refers to the 1948 fire at which appellant then claimed

---

1. A fireman retired as the result of service-connected disability receives a larger retirement annuity than if he is retired as the result of an injury incurred other than in the course of duty.

he injured his back carrying the 275–300 pound body of a fire victim.

Since it is apparent from the record that what may well be a critical, if not controlling, item of evidence before the Retirement Board was not taken into consideration by that Board in reaching its decision, we remand to the District Court so that the case may in turn be sent back to the District of Columbia Commissioners for reconsideration in light of all the evidence. New legislation [2] recently enacted should also be considered if found applicable.

Remanded with instructions.

2. Pub.L. No. 87–857, 87th Cong., 2d Sess. (1962).